MARTHA A. CUMMINGS v. RICHARD CALLAHAN.

*Sale of land—Agreement to pay incumbrances—Action by grantee for reimbursement.*

Where, on an exchange of lands, one of the grantors, whose land is mortgaged, agrees to pay a certain portion of the mortgage debt, the remainder of which is assumed by his grantee, it is immaterial, as affecting the liability of the grantor to reimburse the grantee for money by him paid on said mortgage debt in excess of the amount by him assumed, whether or not the grantor agreed to apply a certain fund in partial payment of said debt.

Error to Arenac.    (Sharpe, J.)    Argued January 23, 1895.    Decided February 12, 1895.

*Assumpsit.*    Plaintiff brings error.    Reversed.    The facts are stated in the opinion.

*Geer & Williams,* for appellant.

*Mortimer D. Snow* and *B. A. Snow,* for defendant.

GRANT, J.    Plaintiff and defendant made an exchange of real estate.    The defendant's property consisted of an hotel, furniture, and saloon fixtures and liquors.    His property was incumbered with three mortgages, which then

amounted to $3,297.40. The incumbrances were to be reduced to $2,400, which plaintiff assumed. Two of the mortgages were at a bank where defendant had on deposit $327.75. Plaintiff insisted that this amount was to be applied upon the mortgages, and that it was at the time deducted from the total amount, and, when so deducted, it left $2,400, the amount agreed upon. This amount was not applied upon the mortgages, and defendant subsequently checked it out, and used it. This suit is brought to recover the difference between the $2,400 and the amount which plaintiff was compelled to pay upon the mortgages. The verdict was, no cause of action. Plaintiff insists that the court should have directed a verdict for her, and so requested.

Plaintiff's son negotiated the exchange. He and two other witnesses swore positively that plaintiff was to assume $2,400 of the mortgages. This was not denied by the defendant. He admits that he said that he thought it was about $2,300 or $2,500, and that he agreed to reduce it down to a certain amount, but doesn't "know exactly whether it was $2,400 or what it was." There was therefore no conflict of evidence upon this point, and it was established that plaintiff assumed only $2,400, and that defendant was to pay the balance. It remains to ascertain whether he did pay it, or made some other arrangement with plaintiff, through her agent, by which the value of the furniture was applied for that purpose. One Vasbinder had agreed to lease the hotel from the plaintiff, and bought the furniture and other goods of the defendant. The amount which Vasbinder agreed to pay was $578.50. This was paid by Vasbinder to plaintiff, as a payment upon the mortgages. Both Vasbinder and the plaintiff's son swear positively to this amount. This is not denied by the defendant. He simply says in regard to it: "I don't know nothing about these figures. There is a lot of figures that

don't mean anything:" His claim appears to be that plaintiff took the value of these goods from Vasbinder in the exchange, and assumed the entire mortgages. Plaintiff produced the original figures which were made at the time, and which showed that $327.75 was deducted from the total amount of the mortgages. After deducting the $2,400, the balance of the mortgages was $897.40. Deducting the bank credit, there was still left $569.65. The goods sold, therefore, exceeded this amount by $8.85. Plaintiff's agent testified that he gave the defendant a $10 bill, and that defendant gave him back $1.15. Defendant says he gave plaintiff's agent at that time $1.50, which he claims settled the entire matter.

There was a controversy over the question whether it was agreed that this $327.75 should be indorsed upon the mortgages, and the defendant insists in his brief that this was the material point in controversy, and that, if defendant undertook to indorse this, he was liable; otherwise he was not. It is quite likely that the jury took this view of the case, and found that there was no such agreement. Defendant admits that during the negotiations he intended to apply this money for that purpose, but that the mortgagee refused to consent to it, claiming the right to indorse it upon another mortgage. Plaintiff's right of recovery, however, does not depend upon that question. It is immaterial whether defendant agreed to apply this specific money for that purpose. This amount was in fact deducted, and plaintiff in good faith supposed it would be so applied. The questions are: Did plaintiff assume only $2,400? And did defendant agree to pay the balance? And has he paid it? There is no room for controversy under the evidence. The defendant did agree to pay all over $2,400, and he has not paid it. Under this record, we think the court should have directed a verdict for the plaintiff for $327.75, and interest.

Judgment reversed, and new trial ordered.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.